IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLY MILES, B75226,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JOHN DOE 1,** )<br>**JOHN DOE 2,** )<br>**DAVID MITCHELL,** )<br>)<br>**Defendants.** ) | Case No. 24-cv-1284-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights concerning events that transpired at Pinckneyville Correctional Center from April to May of 2022. (Doc. 1). Specifically, Plaintiff complains of issues he had with the temperatures and conditions in various cells. Plaintiff's complaint is now technically before the Court for initial review under Section 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). However, upon reviewing the Complaint, the Court has detected a more pressing issue—Plaintiff's eligibility for *in forma pauperis* status in light of his litigation history.

According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

Plaintiff indicated in the litigation history submitted with this complaint that he has accrued strikes in Miles 1 (23-cv-3562), Miles 2 (23-cv-3563), Miles 3 (23-cv-3564), Miles 6 (23-cv-3567), Miles 10 (23-cv-3571), and Miles 12 (23-cv-3579). If an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee of $405. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement which Plaintiff has not met on the facts presented.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. See *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Here, Plaintiff's complaint concerns stints in segregation or crisis cells

where he complains either the window would not shut or the air conditioning ran 24 hours per day, making him unbearably cold. Given that these events occurred more than two years ago at a different prison, the Court does not find that Plaintiff faces any imminent danger related to these allegations.

Accordingly, Plaintiff has not qualified to proceed in forma pauperis in this matter, and he must pay the $405 filing fee before the Court will conduct any further review of his pleadings. If Plaintiff cannot pay or does not wish to proceed, he may opt to withdraw this case.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff must pay the $405 filing fee or move to withdraw this case within 30 days.

**IT IS SO ORDERED.**

Dated: July 15, 2024                           /s *David W. Dugan*
                                               _____
                                               DAVID W. DUGAN
                                               United States District Judge